1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11

12

13

DAVID D. WHITE,

                          Plaintiff,

          v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                          Defendant.

NO.  C2:14-cv-1379-MJP


ORDER REVERSING
COMMISSIONER AND
REMANDING CASE FOR
AWARD OF BENEFITS

14

15

16

17

18

19

20

          Plaintiff David D. White appeals the final decision of the Commissioner of the Social

Security Administration ("Commissioner") which denied his application for Disability

Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI

of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an

administrative law judge ("ALJ").  Having reviewed the Parties' briefing and the

administrative record, the Court hereby REVERSES the Commissioner's decision and

REMANDS the matter for an immediate award of benefits.

21

22

23

24

                              BASIC DATA

Type of benefits sought:

          ( X ) Supplemental Security Income – Disability

          ( X ) Disability Insurance

ORDER REVERSING COMMISSIONER AND
REMANDING CASE FOR AWARD OF
BENEFITS - 1

Plaintiff:

Sex:  M

Age: 51 at alleged onset date

Principal Disabilities Alleged by Plaintiff:  peripheral neuropathy, brain atrophy, hypertension, cervicalgia

Disability Allegedly Began: February 17, 2011

Principal Previous Work Experience: Machinist

Education Level Achieved by Plaintiff: High school education or higher

## PROCEDURAL HISTORY

Before ALJ:

Date of Hearing: March 20, 2013

Date of Decision: April 5, 2013

Appears in Record at:  Decision - AR 15-27; Hearing Transcript - AR 32-57

Summary of Decision:

1. Claimant meets the insured status requirement through March 31, 2014;

2. Claimant has not engaged in substantial gainful activity since February 17, 2011, the alleged onset date;

3. Claimant has the following severe impairments: peripheral neuropathy, brain atrophy, hypertension, cervicalgia;

4. Claimant does not have an impairment or combination of impairments that meets one of the listings;

5. Claimant has the residual functional capacity to perform light work, except that he can perform unskilled, repetitive and routine work;

6. Claimant is unable to perform any past relevant work;

7. Claimant was born on October 12, 1959 and was 51 years old, defined as closely approaching advanced age, on the alleged onset date;

8. Claimant has at least a high school education and is able to communicate in English;

9. Transferability of job skills is not material because claimant is not disabled;

10. Considering claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that claimant can perform;  and

ORDER REVERSING COMMISSIONER AND
REMANDING CASE FOR AWARD OF
BENEFITS - 2

11. Claimant has not been under a disability from February 17, 2011, through the date of the decision

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court must set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. Id.

## EVALUATING DISABILITY

The claimant bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering age,

ORDER REVERSING COMMISSIONER AND REMANDING CASE FOR AWARD OF BENEFITS - 3

education, and work experience, engage in any other substantial gainful activity existing in the

national economy.  42 U.S.C. §§ 423(d)(2)(A); see also Tackett v. Apfel, 180 F.3d 1094, 1098-

99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for

determining whether a claimant is disabled within the meaning of the Act.  See 20 C.F.R. §§

404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  At

step five, the burden shifts to the Commissioner.  See also Valentine v. Comm'r of Soc. Sec.

Admin., 574 F.3d 685, 689 (9th Cir. 2009).

ISSUES ON APPEAL

1.   Whether the ALJ properly found Plaintiff not credible;

2.   Whether the ALJ's residual functional capacity ("RFC") is supported by
     substantial evidence, particularly given new evidence admitted by the AC;

3.   Whether the ALJ properly found Plaintiff could perform other work as a cashier
     and scale operator at step five; and

4.   Whether the ALJ's errors support remand for an immediate award of benefits.

DISCUSSION

I.   Plaintiff's Credibility

Plaintiff argues the ALJ erred by making an adverse credibility finding based on (1)

inconsistent activities of daily living and (2) lack of objective medical evidence.  (Dkt. No. 12

at 2.)  The ALJ found that Plaintiff's medically determinable impairments could reasonably be

expected to cause the alleged symptoms, but found that the alleged symptoms were

inconsistent with the objective medical evidence and with Plaintiff's activities of daily living.

(AR at 22-23.)  The ALJ erred.

ORDER REVERSING COMMISSIONER AND
REMANDING CASE FOR AWARD OF
BENEFITS - 4

1    After finding that a Plaintiff's impairments could reasonably be expected to produce the

2    symptoms alleged, an "ALJ can reject the claimant's testimony about the severity of her

3    symptoms only by offering specific, clear and convincing reasons for doing so." <u>Garrison v.</u>

4    <u>Colvin</u>, 759 F.3d 995, 1014-15 (9th Cir. 2014) (internal quotation marks and citations omitted).

5    "This is not an easy requirement to meet:  the clear and convincing standard is the most

6    demanding required in Social Security cases." <u>Id.</u> at 1015 (internal quotation marks and

7    citations omitted).

8    Here, the ALJ found that Plaintiff's alleged symptoms were not supported by the

9    objective medical evidence regarding foot problems.  (AR at 23.)  The ALJ made this

10   determination because the results of several examinations and tests were unremarkable,

11   finding, for example, normal alignment of Plaintiff's feet, no signs of fracture, and normal gait.

12   (<u>Id.</u>)  While the ALJ correctly indicates that these test results were normal, Plaintiff has not

13   alleged that his foot pain is due to fracture or to the alignment of his feet.  While these test

14   results may be helpful to a doctor attempting to rule out potential causes of Plaintiff's pain,

15   they are not relevant to Plaintiff's social security disability application.  While the ALJ spends

16   considerable time on these test results, the ALJ neglects to discuss the years of documented

17   complaints about foot pain, and the relevant findings of abnormalities (AR at 361) and of a

18   heel plantar and calcaneal spurs, which speak directly to the pain complained of.  (AR at 365.)

19   Defendant argues that the abnormalities were found to be only mild to moderate, and that the

20   weight of the evidence, as a whole, is inconsistent with Plaintiff's symptom allegations.  (Dkt.

21   No. 15 at 3-4.)  But the same records that Defendant cites as showing "only mild to moderate

22   sensorimotor polyneuropathy" include multiple prescriptions for large amounts of oxycodone

23   and other intensive pain medication, to be taken every four to six hours.  (AR at 358.)  The

24   ALJ's decision to characterize records that include multiple prescriptions for oxycodone and

ORDER REVERSING COMMISSIONER AND
REMANDING CASE FOR AWARD OF
BENEFITS - 5

findings of abnormalities on Plaintiff's feet as "inconsistent" with allegations of pain caused by standing or walking is not supported by clear and convincing reasoning.

The ALJ further discounted Plaintiff's credibility because he found Plaintiff's activities of daily living to be inconsistent with the symptoms alleged.  (AR at 23-24.)  The Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." Garrison, 759 F.3d at 1016. "[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication.  Recognizing that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations, we have held that [o]nly if [her] level of activity were inconsistent with [a claimant's] claimed limitations would these activities have any bearing on [her] credibility." Id. (internal quotation marks and citations omitted).

Here, the ALJ discounted Plaintiff's credibility because Plaintiff's symptom allegations were inconsistent with Plaintiff's testimony regarding being active around his property, exercising, driving a car with manual transmission, caring for fowl, and helping to care for his landlord in exchange for rent-free accommodation.  (AR at 23-24.)  In making these findings, the ALJ mischaracterizes the record.

The ALJ found that Plaintiff is active around his property and "said he does not spend a lot of time sitting down relaxing."  (AR 23-24.)  At the ALJ hearing, Plaintiff was asked, on average, how much time he spends on his feet, and testified that he is active for thirty to forty-five minutes a day around his property.  (AR 53.)  He testified that he does not enjoy sitting around the house and would prefer to be outside, but that foot pain forces him to sit and relax,

ORDER REVERSING COMMISSIONER AND
REMANDING CASE FOR AWARD OF
BENEFITS - 6

even when he would prefer to be outside.  (AR 42-43.)  As part of his activity around the property, Plaintiff walks fifty feet from the house and gives food and water to chickens and other fowl, twice a day.  (AR at 52.)  The entire process—walking to the coop, getting food and water, giving it to the chickens, and walking back to the house—takes between five and ten minutes.  (AR at 52.)  Once, Plaintiff enlarged the fence around the chicken coop, working on the project for around one hour per day over the course of a week.  (AR at 54.)  The increase in physical activity over that week increased his physical pain, and his pain medication dosage was increased as a result.  (AR at 54-55.)  The ALJ's determination that Plaintiff's thirty to forty-five minutes of daily activity, which includes walking fifty feet to feed chickens and once included enlarging a fence, is "inconsistent" with alleged pain and supports a finding that Plaintiff can perform light work, full time, in a competitive work environment, is not supported by clear and convincing reasoning.

The ALJ also mischaracterizes Plaintiff's interactions with his landlord by overstating the amount of care Plaintiff provides her and neglecting to mention that she has a caretaker who is primarily responsible for all of the care the ALJ states Plaintiff provides.  Plaintiff testified that in exchange for living in her home without paying rent, Plaint keeps an eye out for his elderly landlord and helps out around the house, occasionally taking her to a doctor's appointment or preparing a meal.  (AR at 48-50.)  But, Plaintiff's landlord has a caretaker who provides these services and more—Plaintiff lends an additional hand when the caretaker is unavailable.  The ALJ's decision to exaggerate the services Plaintiff provides while failing to note that another person is primarily responsible for the tasks discussed is not supported by clear and convincing reasoning.

The ALJ's failure to recognize the difference between thirty to forty-five minutes of daily physical activity and the ability to complete a one-off fence project by working for one

ORDER REVERSING COMMISSIONER AND
REMANDING CASE FOR AWARD OF
BENEFITS - 7

1   hour a day over the course of a week, and the demands of eight hours of light work every day

2   in a competitive work environment, is cause for concern.  As the Ninth and Seventh Circuits

3   have noted, "[t]he failure to recognize these differences is a recurrent, and deplorable, feature

4   of opinions by administrative law judges in social security disability cases."  Garrison, 759

5   F.3d at 1015 (quoting Bjornson v. Astrue, 671 F.3d 640, 647 (7th Cir. 2012).)

6       II.    Medical Evidence

7           Plaintiff argues that the ALJ erred by discounting the opinions of treating physicians,

8   and contends that the ALJ's decision is not supported by substantial evidence, especially in

9   light of new evidence received and admitted by the Appeals Council.  (Dkt. No. 12 at 9.)

10  Defendant argues that the ALJ's evaluation of the medical evidence is supported by substantial

11  evidence and free from harmful legal error.  (Dkt. No. 15 at 5.)

12          The ALJ is responsible for resolving conflicting or ambiguous medical evidence.

13  Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998).  The ALJ may reject the testimony of a

14  medically acceptable treating source by providing specific legitimate reasons based on

15  substantial evidence in the record.  Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).

16  More weight is given to a treating physician's opinion than to that of a non-treating physician

17  because a treating physician "is employed to cure and has a greater opportunity to know and

18  observe the patient as an individual."  Magallanes, 881 F.2d at 751 (citation omitted).  If an

19  ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and

20  convincing reasons for doing so if the opinion is not contradicted by other evidence, and

21  specific and legitimate reasons if it is.  Reddick, 157 F.3d at 725.  Where an ALJ rejects a

22  medical opinion only by "criticizing it with boilerplate language that fails to offer a substantive

23  basis for his conclusion," he errs.  Garrison, 759 F.3d at 1013.

24  ORDER REVERSING COMMISSIONER AND
    REMANDING CASE FOR AWARD OF
    BENEFITS - 8

1    The ALJ considered four medical opinions—two by treating physicians, one by a

2 certified physician's assistant, and one by a medical consultant who performed a record

3 review.  (AR at 24-25.)  All four medical professionals opine that Plaintiff is limited in some

4 capacity.  (Id.)  The limitations described in all four opinions were given "little weight" by the

5 ALJ.[1]  (Id.)  The ALJ gave identical reasons for rejecting the opinions of each of the sources:

6 the medical opinion is inconsistent with that source's treatment notes, the opinion is

7 inconsistent with the overall evidence, and the opinion is inconsistent with the claimant's

8 activities of daily living.  (Id.)

9    As discussed above, the ALJ incorrectly found that Plaintiff's activities of daily living

10 and the objective medical evidence as a whole did not support Plaintiff's alleged symptoms.

11 For similar reasons, "inconsistency with the overall evidence" and inconsistency with the

12 ALJ's characterization of Plaintiff's activities of daily living are not legitimate reasons for

13 rejecting all of the medical opinions.  The ALJ's boilerplate critique that the opinions are

14 inconsistent with treatment notes is equally illegitimate.  The ALJ rejected the opinion of

15 treating physician Dr. Balkany, for example, because his opinion that Plaintiff was limited by

16 his impairments was inconsistent with his treatment notes, which include findings that

17 Plaintiff's "gait was consistently intact."  (AR at 25.)  A review of Dr. Balkany's treatment

18 notes, however, clearly shows that Dr. Balkany noted abnormalities, was concerned about

19 Plaintiff's symptoms, and was prescribing large amounts of intensive pain medication, among

20

21 _____

22    [1] The only opinion to be given "some weight" as opposed to "little weight" was the opinion of
Dr. Rubio, a non-treating, non-examining state agency physician who performed a record review.  (AR
23 at 24.)  Dr. Rubio opined that Plaintiff could perform light work with postural and environmental
limitations.  (Id.)  The ALJ credited the determination that Plaintiff could perform light work, but did
24 not credit the postural or environmental limitations because those limitations were unsupported by the
"objective evidence."  (Id.)

ORDER REVERSING COMMISSIONER AND
REMANDING CASE FOR AWARD OF
BENEFITS - 9

1   other things, in an attempt to treat Plaintiff's symptoms.  (AR at 393-409, 454-84.)  Dr.

2   Balkany's treatment notes are not inconsistent with his limitations opinion.

3        The Court finds that the ALJ's rejection of the limitations included in all medical

4   opinions, justified only by identical boilerplate critiques, is not supported by specific and

5   legitimate reasoning and is not supported by substantial evidence in the record.  Because an

6   ALJ is not free to disregard all evidence that is inconsistent with a finding of 'not disabled'

7   without providing specific and legitimate reasons based on substantial evidence for doing so,

8   the ALJ here erred.

9        III.    Remand for an Award of Benefits

10        The ALJ erred by discounting Plaintiff's credibility and by discrediting the limitations

11   found in the opinions of every medical expert in the record.  The ALJ's errors are serious and

12   necessitate remand, and thus the Court does not reach Plaintiff's arguments at step five.  The

13   Court now turns to the question of whether remand should be for further proceedings or for an

14   immediate award of benefits.

15        The Social Security Act provides that courts may affirm, modify, or reverse a decision

16   by the Commissioner with or without remanding the cause for a rehearing.  42 U.S.C. § 405(g);

17   Garrison, 759 F.3d at 1019.  Where there are no outstanding issues to resolve and remand for

18   further proceedings would unnecessarily delay the receipt of benefits, courts may remand for

19   an immediate award of benefits.  Garrison, 759 F.3d at 1019-20.

20        Whether remand for an immediate award of benefits is appropriate is determined

21   through the credit-as-true test, crediting as true the medical opinions and claimant testimony

22   that were rejected by the ALJ for legally insufficient reasons.  Id. at 1019-21.  Each prong of

23   the test must be satisfied in order for a court to remand for the award of benefits:  "(1) the

24   record has been fully developed and further administrative proceedings would serve no useful

ORDER REVERSING COMMISSIONER AND
REMANDING CASE FOR AWARD OF
BENEFITS - 10

purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." Id. at 1020.  Where the three prongs of the credit-as-true test are met, it constitutes an abuse of discretion for a district court to remand for further proceedings, unless the court's review of the record as a whole "creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1020-21.

The record here is fully developed, and further proceedings would serve no useful purpose.  Treating physicians throughout the record limit Plaintiff to no more than sedentary work, and find that pain and medication interfere with Plaintiff's attention and concentration on a frequent to constant basis.  (AR at 289-92, 293-98, 486-89, 500-04.)  Second, as discussed above, the ALJ did not provide legally sufficient reasoning for rejecting the limitations described by all of the medical experts or for rejecting Plaintiff's testimony.  Finally, crediting as true the improperly rejected testimony and medical evidence, Plaintiff is a person closely approaching advanced age who is limited to sedentary work and to unskilled work, and thus is disabled under the appropriate grid rule.  See 20 C.F.R., Part 404, Subpart P, Appendix 2. Because a review of the record as a whole creates no "serious doubt" that Plaintiff is disabled, the Court must remand for an immediate award of benefits.

<u>CONCLUSION</u>

The Court, having found that the ALJ improperly discredited Plaintiff's testimony and the limitations described in every medical opinion in the record, REVERSES the Commissioner's final decision.  Finding that Plaintiff's case satisfies the credit-as-true test for the immediate award of benefits, and finding nothing in the record that creates serious doubt as

ORDER REVERSING COMMISSIONER AND
REMANDING CASE FOR AWARD OF
BENEFITS - 11

1   to Plaintiff's disability, the Court REMANDS the case to the Commissioner for an immediate

2   award of benefits.

3

4       The clerk is ordered to provide copies of this order to all counsel.

5       Dated this 18th day of February, 2015.

6

7                                          Marsha J. Pechman
                                           Chief United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
    ORDER REVERSING COMMISSIONER AND
    REMANDING CASE FOR AWARD OF
    BENEFITS - 12